**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>RYAN WALTON,<br><br>    Defendant | Case No.: 2:12-cr-00311-APG-PAL<br><br>**Order (1) Granting Motion to Withdraw and (2) Appointing CJA Counsel**<br><br>[ECF No. 67] |

By General Order 2019-06, the court presumptively appointed the Federal Public Defender to represent defendant Ryan Walton with respect to determining whether he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Davis*, 139 S. Ct. 2319 (2019). The Federal Public Defender has moved to withdraw and requests the court appoint new counsel for Walton. ECF No. 67. I grant that motion.

I THEREFORE ORDER that the motion to withdraw counsel and appoint new counsel **(ECF No. 67) is GRANTED**. The Federal Public Defender is withdrawn as attorney for defendant Ryan Walton.

I FURTHER ORDER that, consistent with the District of Nevada's General Order 2019-06, the clerk of court is directed to contact the CJA clerk for the purpose of appointing new counsel for defendant Ryan Walton to determine whether he may, under *Rehaif* and *Davis*, qualify for relief as an additional ground for relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 and to present for adjudication any petitions, motions or applications relating thereto that successor counsel deems appropriate.

The United States Probation Office and the United States District Court Clerk's Office are authorized to disclose to successor counsel and the United States Attorney's Office, upon

request, documents from Walton's case files that are not otherwise available through the judiciary's Public Access to the Court Electronic Records ("PACER") service to determine Walton's eligibility for relief, to evaluate conflicts, and to file and litigate any petitions, motions or applications under *Rehaif* and *Davis*. The Probation Office and the Clerk's Office may disclose any such documents, including plea agreements, Presentence Investigation Reports, Judgments, and any sealed documents pertinent to sentencing. Counsel may not further distribute such documents unless ordered by the court. However, this Order does not authorize the disclosure of sealed documents that would not have been accessible to all parties in the case by the time of entry of judgment or exhaustion of appellate rights.

DATED this 18th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE